IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTINE TROUTMAN,
on behalf of herself and
all others similarly situated,

                Plaintiff,

  v.

WESTON MEMORY CARE, LLC, SANCTUARY
CARE GROUP, LLC, MIDWEST ASSISTED LIVING
PARTNERS, LLC, MIDWEST ASSISTED LIVING
PARTNERS I, LLC, MIDWEST ASSISTED LIVING
PARTNERS II, LLC, and MIDWEST ASSISTED
LIVING PARTNERS III, LLC,

                Defendants.

OPINION and ORDER

20-cv-332-jdp

---

This is a proposed class and collective action in which plaintiff Christine Troutman contends that her employers violated the Fair Labor Standards Act and state law by failing to include all nondiscretionary payments when calculating her regular rate of pay for the purpose of calculating her overtime rate. The court previously approved the parties' stipulation for conditional certification of a collective under 29 U.S.C. § 216(b). Now the parties jointly move for certification of a class under Federal Rule of Civil Procedure 23 and for preliminary approval of their settlement agreement. Dkt. 56 and Dkt. 57.

The court will deny the parties' motions without prejudice for three reasons. The first problem relates to the proposed class definition:

> All current and former hourly-paid, non-exempt employees employed by Defendants at Tender Reflections communities within the two (2) years immediately preceding the filing of the Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendants' failure to include all forms of nondiscretionary

compensation in said employees' regular rates of pay for overtime calculation purposes.[1]

The problem is with the portion of the definition that limits the class to employees who were not compensated "at the proper, correct, and/or lawful overtime rate as a result of Defendants' failure to include all forms of nondiscretionary compensation in said employees' regular rates of pay for overtime calculation purposes." This is a problem because it defines the class by a claim's success on the merits. "Defining the class in terms of success on the merits is a problem because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015) (internal quotations omitted).

The language is also problematic because the term "nondiscretionary compensation" is simply a legal conclusion. The parties don't identify the specific forms of compensation that fall into that category as they understand it. That's important because the parties state that they "disagree on Plaintiff's ability to prove the nondiscretionary nature of additional compensation Defendants paid to its employees." Dkt. 56, at 9. So it's necessary to more precisely identify the types of compensation that are at issue so that the scope of the class and the proposed settlement can be determined. And knowing which types of compensation Troutman was denied could be useful in determining whether Troutman is an appropriate class representative. If Troutman was denied different types of compensation than other proposed class members, the parties should explain why she is still an adequate class representative.

---

[1] "Tender Reflections" appears to be the name of the assisted living facilities owned by defendants.

The second problem relates to the fairness of the proposed settlement. The amount of the settlement going to the class is $8,106, with an additional $2,000 incentive award going to Troutman. Each member of the class is to receive $15, and each member of the collective is to receive $30.

The parties don't adequately explain how they arrived at any of those figures. They vaguely state that they used "information provided by Plaintiff to Class Counsel, information Defendants provided in discovery, and calculations Defendants informally provided to Class Counsel," Dkt. 56, at 10, without identifying what that information was or providing any supporting documentation. They say that the average amount owed to each employee is $9.38, but they don't cite any evidence to support that statement. They don't explain why the amounts for the class and the collective are different, or why each member is receiving the same amount rather than a pro-rata share. Finally, they don't cite any evidence identifying the work Troutman performed to justify a $2,000 incentive award or explain why $2,000 is an appropriate amount in light of the relatively small amount of money that the class and collective members will receive. Without this information, the court can't determine whether it "will likely be able to" approve the proposed settlement in accordance with Rule 23(e)(1)(B).

The third problem relates to the request for attorney fees and costs. Plaintiff's counsel ask for $44,214.76, which represents more than 80 percent of the total settlement fund. Counsel doesn't explain why they are entitled to such a large percentage of the settlement fund, and they don't conduct a lodestar analysis. Instead, counsel says that they don't have to justify their fees because they were "negotiated separately by the Parties from the monies allocated" to the class and the collective. Dkt. 56, at 12. That representation is undermined by the settlement agreement itself, which adds the fees, costs, and funds for the class together for the

purpose of the determining the "maximum gross settlement amount" that defendants will pay. Dkt. 56-1, at 9. Regardless, Rule 23(h) allows a court to award "reasonable attorney's fees" to class counsel. There is no exception to the reasonableness requirement for fees that are negotiated separately, and counsel cite no cases in which a court held otherwise. The court need not see counsel's billing records until counsel submit their final motion for fees, but they must provide the court with enough information about their fee request to allow the court to determine that it "will likely be able to" approve the request. Fed. R. Civ. P. 23(e)(1)(B).

For these reasons, the court will deny the motion for preliminary approval and the motion for class certification, but the parties may have an opportunity to file renewed motions that address the court's concerns.

ORDER

IT IS ORDERED that the motion for preliminary approval of the settlement, Dkt. 56, and motion for class certification, Dkt. 57, are DENIED without prejudice. The parties may have until July 21, 2021, to submit renewed motions.

Entered June 30, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge